| .PETERS, J.
The State of Louisiana, Department of Social Services (state), appeals a trial court judgment enjoining it from seizing the state and federal tax refunds due to Carl Thibodeaux. For the following reasons, we affirm the trial court judgment in all respects.
The facts giving rise to this appeal are not in dispute. Carl Thibodeaux and Stacie Landry Thibodeaux, now Stacie Cady, were married on November 25, 1978, and divorced on May 22, 1986. This marriage produced one child, Kelly Elaine Thibo-deaux, who was born on August 15, 1984. The judgment of divorce designated Ms. Cady as custodial parent and ordered Mr. Thibodeaux to pay his former wife $250.00 per month as child support. Thereafter, Mr. Thibodeaux timely paid his monthly child support obligation.
On August 20, 2000, at the request of Ms. Cady, the state filed pleadings on her behalf, seeking an increase in Mr. Thibodeaux’s child support obligation. *359 The issues raised by these pleadings were ultimately resolved by a written joint stipulation apparently presented to the trial court on June 15, 2001, but filed of record on June 19, 2001.[1] Concerning the child support obligation, the stipulation provided the following:
IT IS HEREBY AGREED that [Mr. Thibodeaux] be ordered to maintain child support in the amount of $587.00 a month, payable on the 1st and 15th of each month, plus a 5% administrative fee thereof per month, through the DEPARTMENT OF SOCIAL SERVICES, P.O. Box 260222, Baton Rouge, LA 70826-0222, effective September 7, 2000. Payable by money order or certified check only. It is further agreed that [Mr. Thibodeaux] shall pay an additional $25.00 a month towards arrears due to the retroactive effect of the modification of support, plus a 5% administrative fee thereon, through the DEPARTMENT OF SOCIAL SERVICES, P.O. Box 260222, Baton Rouge, LA 70826-0222, effective July 1, 2001, and upon the termination of monthly on-going child support in accordance with LSA-R.S. 9:315.22, [Mr. Thibodeaux] shall thereafter continue paying the amount of $587.00 a month, plus the [ ¡,5% administrative fee thereon, through the Department of Social Services, until all remaining arrears are paid in full.
The trial court accepted this joint stipulation and executed a written judgment including its terms. Mr. Thibodeaux immediately began complying with the judgment’s terms and, at all times during this phase of the litigation, was in compliance with his judicially mandated obligations.
Mr. Thibodeaux’s timely compliance with the stipulated judgment apparently did not satisfy the state. In the latter part of 2001, the state informed Mr. Thibo-deaux that it intended to seize any federal and state income tax refunds to which he might be entitled for the year 2001. On January 15, 2002, Mr. Thibodeaux filed a pleading requesting that the trial court enforce the terms of the June 2001 judgment and enjoin the state and Ms. Cady from seizing any state or federal income tax refund to which he might be entitled for the tax year 2001. After a March 21, 2002 hearing, the trial court granted in-junctive relief prohibiting the state and Ms. Cady from seizing the 2001 state and federal tax refund due to Mr. Thibodeaux. The state has appealed this judgment.
The state argues on appeal that the trial court erred in prohibiting it from using every means available to collect Mr. Thibo-deaux’s “arrearage.” In brief, the state directs us to La.R.S. 13:4291 and certain provisions of the Louisiana Department of Social Services Policy System in support of its position. We find nothing in the state’s internal policy to be persuasive, as the internal policy has no effect absent statutory or jurisprudential authority. Furthermore, we find La.R.S. 13:4291 to be inapplicable to the facts in the matter before us.
The state relies on a portion of La.R.S. 13:4291(A), which provides that “[e]ach payment of child support that is past due under the provisions of an award for child support rendered in a court of this state ... shall on and after such payment is due be | adeemed a judgment by operation of law.” However, reliance on this limited portion of the language of La.R.S. 13:4291(A) as authority to seize the income *360 tax refunds is flawed. The portion cited by the state does not reflect the intent of the statute when read as a whole. In fact, it is not even a complete sentence within the statute. Louisiana Revised Statutes 13:4291(A), in its entirety, provides as follows:
Each payment of child support that is past due under the provisions of an award for child support rendered in a court of this state, or under a foreign child support order registered under the provisions of the Uniform Interstate Family Support Act shall on and after such payment is due be deemed a judgment by operation of law and shall be executory in all respects except that the court shall, in a summary proceeding, determine the amount actually owed. A judgment rendered in such summary proceeding shall not have the effect of a judicial mortgage until it is final and has been recorded in the manner provided by law.
(Emphasis added) (footnote omitted).
This statute clearly contemplates a situation wherein the child support obligation has not been timely paid. We do not find that any payment imposed upon Mr. Thi-bodeaux is past due. On the contrary, even the state acknowledges that he has complied with all aspects of the stipulated judgment and has made every payment on or before such payment was due.
No one disputes the fact that “[t]he support obligation imposed on a parent is firmly entrenched in Louisiana law and is a matter of public policy.” Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349. The child support obligation is a continuous one imposed on both the father and mother, and retroactive awards are recognized in our law for the purpose of filling any gap in the support obligation. Id. Concerning the collection process, “this state has placed a high priority on the enforcement of child support obligations.” Id. at 350. In doing so, the legislature has provided a number of collection tools which may be used to enhance collection, including the suspension of a driver’s license and certain professional, occupational, |4business, industrial, hunting, or fishing licenses pursuant to La.R.S. 9:315.30, et seq, La.R.S. 32:432, La.R.S. 37:2952, La.R.S. 56:647; and the withholding of lottery prizes and the interception of state and federal income tax refunds, pursuant to La.R.S. 46:236.15. However, a common thread in the use of each of these collection tools is some failure on the part of the child support obligor to comply with a prior or current court order.
That common thread does not exist in the matter now before us. Mr. Thibo-deaux has neither neglected nor failed to fulfill his support obligation pursuant to the June 15, 2001 judgment. He was in full compliance with the stipulated judgment at the time the state attempted to use this secondary collection method. Mr. Thibodeaux entered into the joint stipulation in good faith. Both the state and Ms. Cady have stipulated that they, too, consented to the method of repayment of the arrearage created by the joint stipulation. Thus, we must assume that they also negotiated the joint stipulation in good faith. Having consented to the repayment procedure, the state and Ms. Cady cannot now ignore the clear terms of the joint stipulation. Thus, we find no error in the trial court’s grant of the injunction.
DISPOSITION
We affirm the trial court judgment in all respects. We assess all cost of this appeal to the State of Louisiana, Department of Social Services, to the extent allowed by law.
AFFIRMED.
DECUIR, J., dissents and assigns written reasons.

. The record reflects that the written joint stipulation and stipulated judgment were filed on June 19, 2001. However, the judgment was signed by the trial court on June 15, 2001.